UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID ALLEN VINSON and ROBERT A. SILVER,

      Appellants,

v.

GEORGE P. DAKMAK,

      Appellees.
                                      /

Case No. 06-10478

Honorable Nancy G. Edmunds

**OPINION AND ORDER REVERSING BANKRUPTCY JUDGE'S FINAL ORDER OF JANUARY 26, 2006**

This is an appeal from the final order issued by the Bankruptcy Court on January 26, 2006, denying Debtors their claimed homestead exemption taken under Michigan's bankruptcy-exemption statute, Mich. Comp. Laws Ann. § 600.5451(1)(n), finding that exemption to be in conflict with the Bankruptcy Code and thus unconstitutional. Appellants are Debtors David Allen Vinson and Robert A. Silver ("Debtors"), and Appellee is George Dakmak, Trustee ("Trustee") of their Chapter 7 bankruptcy estates.

Debtors argue that the Bankruptcy Court erred in holding Michigan's homestead exemption in § 600.5451(1)(n) to be unconstitutional and in failing to allow Debtors to each exempt $30,000 in equity in their homestead. The Trustee responds that the Bankruptcy Court should be affirmed, but, if the Court concludes otherwise, further argues that § 600.5451(1)(n) allows but a single $30,000 homestead exemption. For the reasons stated below, this Court REVERSES the Bankruptcy Court on its ruling that § 600.5451(1)(n) is

unconstitutional. Rather, similar to the Bankruptcy Court's conclusions in *In re Lindstrom*, 331 B.R. 267, 273 (Bankr. E.D. Mich. 2005), this Court finds that the reference to the interest of a co-debtor in § 600.5451(1)(n) and "its implication that such 'codebtor's' interest may be exempted from the bankruptcy estate of another individual filing bankruptcy, creates an ambiguity under Michigan law as to whether the $30,000 figure is intended to be an aggregate maximum amount that can be exempted in a homestead or a cap that is applicable with respect to the interest of each debtor, codebtor and dependent in a homestead." This Court likewise finds persuasive that court's conclusion that "the most sensible reading, consistent with prior Michigan law, and the most likely intended meaning of this statute, is to permit a $30,000 aggregate maximum homestead exemption and not $30,000 for each debtor, codebtor and dependent." *Id.* Accordingly, this Court concludes that the Bankruptcy Court erred when it failed to sustain the Trustee's objection that both Debtors were not entitled to take the entire $30,000 homestead exemption addressed in § 600.5451(1)(n).

**I.    Jurisdiction**

Appellate jurisdiction is conferred on this Court by 11 U.S.C. § 158(a)(1) which states, "[t]he district courts of the United States shall have jurisdiction to hear appeals (1) from final judgments, orders, and decrees; of bankruptcy judges under Section 157 of this title. An Appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving." This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## II.  Appellate Standard of Review

This Court reviews the Bankruptcy Court's findings of fact for clear error and its conclusions of law *de novo*. *Wesbanco Bank Barnesville v. Rafoth (In re Baker & Getty Fin. Serv., Inc.*, 106 F.3d 1255, 1259 (6th Cir. 1997). It is not disputed that this appeal concerns a conclusion of law. Accordingly, this Court's review of the Bankruptcy Court's ruling on the constitutionality and construction of § 600.5451(1)(n) is *de novo*.

## III.  Facts

The relevant facts are not in dispute. Debtors are tenants in common (co-owners) of real properly located at 7446 Vinewood, West Bloomfield, Michigan 48322 (the "West Bloomfield property"), and both reside there. The property is worth approximately $310,000. Metro Bank holds the mortgage on the property in the amount of $224,000. Both Debtors are purchasers on the Metro Bank mortgage. As tenants in common and co-owners of the West Bloomfield property, each Debtor has half of the $86,000 equity in this homestead. On May 13, 2005, each Debtor filed his own voluntary petition for relief under Chapter 7, Case Nos. 05-55599 and 05-55604. Each Debtor claimed an exemption for his homestead, under § 600.5451(1)(n), in the amount of $30,000.

George Dakmak was the duly appointed Chapter 7 Trustee in both cases. The Trustee objected in each Debtor's case to the $30,000 homestead exemption taken by that Debtor, arguing that, under § 600.5451(1)(n), there may be only one $30,000 homestead exemption taken for the same property owned by co-debtors on the mortgage securing that property. Debtors disagreed with that interpretation of § 600.5451(1)(n), arguing that the Michigan statute allowed each Debtor to take a $30,000 homestead exemption in their separate bankruptcy cases.

Oral argument was heard on October 5, 2005 before the Honorable Thomas J. Tucker. At no time during argument was it ever alleged, argued, or raised by the Bankruptcy Court that § 600.5451(1)(n) was unconstitutional. The matter was taken under advisement, and the Bankruptcy Court issued an opinion and order on January 13, 2006.

In its January 13, 2006 opinion and order, the Bankruptcy Court found § 600.5451(1)(n) to be unconstitutional and denied each Debtor's claimed homestead exemption under § 600.5451(1)(n). Specifically, the Court found the statute to unambiguously allow a debtor to exempt property interest not in the Debtor's bankruptcy estate; i.e., the property interest of a codebtor. Thus, the Court concluded, § 600.5451(1)(n) was in direct conflict with Section 541(a)(1) of the Bankruptcy Code and was thus unconstitutional under the Supremacy Clause of the United States Constitution. Because it was unconstitutional, the Bankruptcy Court determined that Debtors may not use it to exempt any property interest they had in their homestead. Rather, the Court would allow Debtors to amend their claims of exemption by electing the federal exemptions, including the federal homestead exemption under 11 U.S.C. § 522(d)(1).

Debtors' timely appeal of this final order is now before the Court.

### IV.  Analysis - Bankruptcy Court's Statutory Construction

At issue here is the Bankruptcy Court's construction of Michigan's homestead exemption for bankruptcy cases, § 600.5451(1)(n), which provides that:

> A debtor in bankruptcy under the bankruptcy code, 11 USC 101 to 1330, may exempt from property of the estate property that is exempt under federal law, or under, 11 USC 522(b)(2), the following property:
>
>     ***

> (n) The interest of the debtor, the codebtor, if any, and the debtor's dependents, not to exceed $30,000.00 in value or, if the debtor of a dependent of the debtor at the time of the filing of the bankruptcy petition is 65 years of age or older or disabled, not to exceed $45,000.00 in value, in a homestead.

Mich. Comp. Laws Ann. § 600.5451(1)(n).

The Bankruptcy Court found this language to clearly and unambiguously permit the bankruptcy debtor to take a $30,000 homestead exemption for the property interests of a "codebtor" and "the debtor's dependents" as well as the debtor's own property interests. In light of this construction, the Bankruptcy Court found § 600.5451(1)(n) to be in conflict with Sections 522(b)(2) and 541(a)(1) of the Bankruptcy Code.  It reasoned that, although § 522(b)(2) allows a debtor to elect to exempt from the bankruptcy estate property that is exempt under State law, § 541(a)(1) of the Bankruptcy Code limits the bankruptcy estate solely to property interests of the debtor, not others.  It based its constitutional ruling on this statutory construction.  This Court disagrees with the Bankruptcy Court's statutory construction and its dependent ruling that § 600.5451(1)(n) necessarily conflicts with the Bankruptcy Code and is thus unconstitutional.

This Court finds persuasive the statutory construction given § 600.5451(1)(n) by the Bankruptcy Court in *In re Lindstrom*, 331 B.R. 267 (Bankr. E.D. Mich. 2005) (Shefferly, J.). In that case, the Bankruptcy Court considered the same arguments raised by the Debtors and Trustee here.  The debtors argued that the plain language of § 600.5451(1)(n) allowed them to each take a $30,000 homestead exemption on the same property.  The trustee, on the other hand, argued that the plain language of that section sets a $30,000 maximum homestead exemption for a single residence "for all the 'interest of the debtor, the codebtor, if any, and the debtor's dependents.'"  *Id.* at 269.

5

The Bankruptcy Court in *In re Lindstrom*, began by examining § 600.5451(1)'s prefatory paragraph, observing that it had two important features. "First, it limits the statute's application to one who is a debtor in a bankruptcy case; and second, it only pertains to property that is property of the bankruptcy estate." *Id.* There, as here, each Debtor was a debtor in a bankruptcy case with their own bankruptcy case. "Although Daniel and Cheryl Lindstrom filed a joint petition . . . each of the Debtors in this joint case still has his or her own bankruptcy estate made up of his or her own property interests as provided by § 541(a)(1) [of the Bankruptcy Code]." *Id.*

The Court then examined subsection (n) and concluded that the plain language of § 600.5451(1)(n) allowed Daniel Lindstrom "to exempt his interest as the "interest of the debtor." *Id.* at 270. That is where the clarity ended. The Court went on to explain:

> What is not so clear is the language that then refers to the "interest" of the "codebtor" and the "interest of debtor's dependents." The Michigan statute does not define "codebtor," nor does the Bankruptcy Code. It is not clear who is a "codebtor" for purposes of this new Michigan law. Nor is it clear from the language of this statute whether the legislature intended to permit a debtor in a bankruptcy case to somehow exempt from his or her bankruptcy estate a property interest of such "codebtor." If Cheryl Lindstrom is a "codebtor" of Daniel Lindstrom, and her interest in the residence does not become property of Daniel Lindstrom's bankruptcy estate under § 541, then Daniel Lindstrom cannot exempt Cheryl Lindstrom's interest in the residence from property of his bankruptcy estate. If an interest in property never becomes property of a debtor's bankruptcy estate, it of course follows that the debtor need not and cannot exempt such interest from property of his or her bankruptcy estate.

*Id.* (footnote omitted). Because the prefatory paragraph in § 600.5451(1) limits exemptions to property interests in the bankruptcy estate of the debtor, the Court found "the language in Mich. Comp. Laws Ann. § 600.5451(1)(n) to be ambiguous with reference to 'codebtor.'" *Id.* at 270. The Court also found the language in § 600.5451(1)(n) "to be ambiguous with

respect to whether the $30,000 maximum cap is applicable only to the debtor's interest or to the interest of the 'codebtor' and the interest of the 'debtor's dependents'". *Id.* This Court agrees that § 600.5451(1)(n)'s language is ambiguous.

In an attempt to ascertain legislative intent, the Court in *In re Lindstrom* examined "a May 25, 2004 and a virtually identical January 6, 2005 Michigan House Fiscal Agency Legislative Analysis of House Bill 5763." *Id.* Although somewhat supportive of the trustee's position, the Court did not consider this as evidence of legislative intent because the documents expressly stated that they were not official statements of legislative intent. *Id.* Rather, it concluded that "the only sensible reading [of § 600.5451(1)(n)] is to limit the homestead exemption to an aggregate maximum of $30,000 and to hold that the spouse of a debtor who joins in a joint bankruptcy petition . . ., although entitled to also elect his or her own $30,000 homestead exemption, is not entitled to their spouse's homestead exemption and thereby exceed the $30,000 cap under this statute." *Id.*

In reaching that conclusion, the *In re Lindstrom* Court sought to interpret the statute in a way that would avoid a conflict with § 541 of the Bankruptcy Code; i.e., in a way that would not permit a bankruptcy debtor to exempt from his estate the property interests of a non-debtor. *Id.* "Daniel Lindstrom should be able to exempt up to $30,000 of his interest in the homestead but should not be able to exempt a property interest belonging to some 'codebtor' or to his 'dependents' when those individuals are not themselves debtors in a bankruptcy case and their property interests are not part of his bankruptcy estate." *Id.*

That court also observed that the Legislative Analysis, even though not an official statement of legislative intent, did appear to support its interpretation limiting the homestead exemption to an aggregate maximum of $30,000. It further observed that "to

7

enable the Debtors to 'double' their homestead exemption under this new law would represent a significant departure from prior Michigan case law pertaining to homestead exemptions allowable under the Michigan constitution." *Id.* at 272. "The few cases that speak to the amount of Michigan's earlier homestead exemptions" support an interpretation of § 600.5451(1)(n) that does not allow bankruptcy debtors to "double" their homestead exemptions. *Id.* (discussing *Allen v. Crane*, 152 Mich. 380, 116 N.W. 392 (1908) (observing that the homestead exemption's intent is to provide some security in a family's home against creditors); *Beecher v. Baldy*, 7 Mich. 488, 1859 WL 5212 (1859); and *In re Davis*, 329 F. Supp. 1067 (E.D. Mich. 1971) (holding in a pre-Bankruptcy Code case that two debtors were allowed a single homestead exemption). Rather, as these cases show, Michigan's homestead exemption "is unitary" and focused on the real property, "not a dollar amount." *Id.* at 272. Thus, the court concluded:

> There is nothing in Mich. Comp. Laws Ann. § 600.5451(1)(n) that suggests that the Michigan Legislature, although clearly intending to increase the allowed amount of a homestead exemption, also intended, without saying so, that for the first time, spouses in Michigan could also "double" the homestead exemption. Although the Michigan Legislature did not expressly state that doubling is not permitted, doubling would represent a change in Michigan law and it is not one that appears to be authorized either expressly or by implication in the new Michigan Statute.

*Id.*

Moreover, the court observed, while it was easy to understand the policy driving the Michigan Legislature to seek an increase in the amount of the homestead exemption that had not been raised in over 40 years, it was "unclear what policy would be served by interpreting this statute as permitting a debtor in a bankruptcy case to exempt $30,000 of his or her interest, plus up to another $30,000 of their spouse's interest, plus up to another

8

$30,000 of their dependent's interest." *Id.* at 272-73.  Finally, the court rejected the same argument Debtors advance here.  The court refused to find the absence of express statutory language limiting the homestead exemption to $30,000 for any one homestead (despite the number of property owners who have bankruptcy estates) sufficient to support a statutory construction of § 600.5451(1)(n) that allows such doubling.

Debtors' reliance on *In re Raynard*, 327 B.R. 623 (Bankr. W.D. Mich. 2005), for a contrary result is misplaced.  That decision addressed the constitutionality of § 600.5451(1)(o).  It's discussion of § 600.5451(1)(n) in dicta is neither persuasive nor binding.  Debtors' reliance on *In re Korff*, 14 B.R. 189 (Bankr. E.D. Mich. 1981), and *In re Nichols*, 4 B.R. 711 (Bankr. E.D. Mich. 1980), is likewise misplaced.  *In re Korff* addresses property held by a husband and wife as tenants by the entireties.  As Debtors' counsel conceded at oral argument, that is a critical fact as such property interests obtain different treatment under bankruptcy law.  *In re Nichols* is also distinguishable.  That case addresses exemptions under the general exemption provision of the federal Bankruptcy Code, 28 U.S.C. § 522(d), and not homestead exemptions under Michigan law.  Accordingly, to the extent the *In re Korff* court relies on *In re Nichols* to conclude doubling is allowed under Michigan law for homestead exemptions, it did so in error.

The Bankruptcy Court in *In re Lindstrom* properly resolved the ambiguity in § 600.5451(1)(n) in a manner that is consistent with prior Michigan law and consistent with the Bankruptcy Code, and properly concluded that it permits "a $30,000 aggregate maximum homestead exemption and not $30,000 for each debtor, codebtor and dependent." *Id.* at 273.  This Court finds § 600.5451(1)(n) to be ambiguous for the same reasons asserted by the Bankruptcy Court in *In re Lindstrom*.  To resolve that ambiguity,

this Court similarly construes its language in a manner that is consistent with prior Michigan law and consistent with the Bankruptcy Code and concludes that it permits a $30,000 aggregate maximum homestead exemption for a single homestead.  Thus, if David Vinson takes the entire $30,000 homestead exemption for his interest in the West Bloomfield property, then Robert Silver is not entitled to any homestead exemption for his interest in that same property and vice versa.  "Whether they allocate the homestead exemption between their two bankruptcy estates or whether one . . . takes all of the $30,000 exemption and other . . . takes none, the point remains the same:  the homestead exemption can only be utilized up to a maximum of $30,000 in a homestead."  *In re Lindstrom*, 331 B.R. at 273.[1]

**V.   Conclusion**

For the above-stated reasons, the Bankruptcy Court's final order of January 26, 2006 is REVERSED, and the Trustee's objections upheld.


s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  June 12, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 12, 2006, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager

---

[1] This analysis renders moot Debtors' arguments that the Bankruptcy Court erred when it found § 600.5451(1)(n) to be unambiguous and unconstitutional.